IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LAVONNE J. OLIVER,** | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-22-2128 |
| **WELLS FARGO BANK, N.A.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Lavonne J. Oliver ("Plaintiff"), who is self-represented, filed a Complaint against her former mortgage lender, Wells Fargo Bank, N.A. ("Wells Fargo"), alleging improper and fraudulent servicing and collection of her mortgage loan between 2000 and 2019, when she sold her home. ECF 1. Wells Fargo has filed a motion to dismiss, ECF 8, arguing that Plaintiff's claims are time barred and barred by *res judicata*. Plaintiff opposed the motion, ECF 15, and Wells Fargo filed a reply, ECF 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Wells Fargo's motion will be granted and Plaintiff's claims will be dismissed.

### I.   FACTUAL BACKGROUND

The facts described herein are taken from Plaintiff's Complaint and are taken as true for purposes of this motion. Plaintiff alleges that from 2000 to 2019, Wells Fargo engaged in loan modification fraud, used two loan numbers for the same name and address, and missed payments from its ledger during 2000, the first year of the loan. ECF 1 at 6. The attachment to her Complaint states that the alleged missed year of payments occurred in 2000 and that the loan was modified in 2015. ECF 1-2 at 1, 2. Plaintiff also asserts that Wells Fargo repeatedly and erroneously claimed she was in default due to missing or partial payments, and that this led to her making mortgage

1

payments that were over the required amounts due. ECF 1 at 6, ECF 1-2 at 1-3. On two occasions, in 2005 and 2017, Plaintiff sought bankruptcy protection after receiving pre-foreclosure notices from Wells Fargo. ECF 1-2 at 1, 2. The latter set of foreclosure proceedings began in 2018, and in 2019 Plaintiff "sold the property to avoid losing everything." *Id*. at 3. In 2022, she requested her loan files from Wells Fargo and realized that she had two different loan numbers associated with her mortgage loan. *Id.*

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S.

at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While analysis of a motion to dismiss is typically confined to the contents of the complaint, Wells Fargo has attached a number of exhibits to its motion. *See* ECF 8-4 through 8-28. This Court is permitted to consider those exhibits that constitute official public records. *See* Fed. R. Evid. 201; *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508-09 (4th Cir. 2015). This Court may also consider documents "not attached to or expressly incorporated in a complaint, so long as any such document was integral to the complaint and there is no dispute about the document's authenticity." *Ayres v. PHH Mort. Corp. Successor to Ocwen Loan Servicing, LLC,* Civ. No. GLS-21-0934, 2022 WL 4316261, at *5 (D. Md. Sept. 19, 2022) (cleaned up). An "integral" document, "by its very existence, and not the mere information it contains, [must] give rise to the legal rights asserted." *Id.* (cleaned up). The 2022 response to Plaintiff's document requests to Wells Fargo form the basis for her assertion of timely claims, and are therefore integral to her causes of action. ECF 8-27, 8-28.

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is

4

self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

III. ANALYSIS

Plaintiff asserts a claim for "predatory lending." ECF 1 at 6. While the precise nature of her legal claims is not specified, the applicable statute of limitations for claims of this type, under Maryland law, is three years.[1] Md. Code Ann., Cts. & Jud. Proc. § 5-101. Plaintiff's complaint does not allege any actions taken by Wells Fargo after 2018, when it initiated foreclosure proceedings. Thus, any lawsuit contesting any of Wells Fargo's actions, including its accounting of Plaintiff's mortgage payments and its conduct surrounding the modification of Plaintiff's loan, would have had to be filed by, at the latest, 2021. Plaintiff did not file the instant action until August 23, 2022.

Plaintiff nonetheless alleges that she did not learn of the second loan number associated with her home or the missing year of payments from 2000 until she received Wells Fargo records she requested in 2022. ECF 1-2 at 3; ECF 15 at 2, 8. Under Maryland's discovery rule, the statute of limitations begins to run when a plaintiff knew or should have known of an issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007); *see also Windesheim v. Larocca*, 116 A.3d 954, 962 (Md. 2015) ("[T]he discovery rule[] . . . tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the

---

[1] To the extent Plaintiff intends to assert claims sounding in fraud, she would have to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) in order to do so. Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Particularity includes alleging the time, place, nature, and speaker of any alleged misrepresentation. *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013). That level of detail is absent from Plaintiff's Complaint.

injury." (quotations omitted)). The documents provided to Plaintiff in 2022 establish that Plaintiff received notice, on October 19, 2016, of her new loan number. ECF 8-28. Similarly, Plaintiff's claims pertaining to her alleged missed payments in 2000 should have been known to her well before 2019, given that she had been advised of her balance and had even refinanced the loan. Indeed, Plaintiff's Complaint alleges she received notice between 2001 and 2003 that she had "missed 12 months of payments." ECF 1-2 at 1. Her claims, then, are clearly time-barred.

Even had Plaintiff's claims been filed timely, however, they would be barred by *res judicata.* Plaintiff had a full and fair opportunity to litigate these issues in her two bankruptcy proceedings in which claims were made by Wells Fargo and its predecessor in interest. Plaintiff did not challenge the amounts Wells Fargo claimed in the bankruptcy proceedings. Moreover, her claims regarding the modification of her loan and Wells Fargo's use of two loan numbers arise out of the same underlying transaction (i.e., the servicing of her loan agreement) and could have been raised in her 2017 bankruptcy proceeding. *See Providence Hall Assocs. L.P. v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 282 (4th Cir. 2016). Accordingly, her present claims must be dismissed.

IV. CONCLUSION

For the reasons set forth above, Wells Fargo's Motion to Dismiss, ECF 8, is GRANTED and Plaintiff's claims against Wells Fargo are dismissed. A separate Order follows.

Dated: December 27, 2022                              /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge